IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMMY LYNN PARKER | ) |
| | ) |
| v. | ) NO. 3-13-1149 |
| | ) JUDGE CAMPBELL |
| RICH PRODUCTS CORP. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Compel Arbitration of Plaintiff's Claims (Docket No. 21). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff Parker sued Defendant Rich Products Corporation, her former employer, in state court, alleging claims for violations of the Tennessee Human Rights Act and the Tennessee Public Protection Act, common law retaliatory discharge, wrongful discharge and malicious prosecution. Plaintiff's claims arise from her employment with Defendant. On October 17, 2013, Defendant removed the action to this Court based upon diversity of citizenship of the parties. Defendant has now moved to compel arbitration of Plaintiff's claims pursuant to an Associate Agreement entered into by the parties.

ARBITRATION

The parties do not dispute that the Associate Agreement signed by Plaintiff on June 23, 2008, provides for arbitration of any employment disputes or issues. Docket No. 22-2, ¶ 12. The term "employment dispute" as used in the Agreement means all issues which relate to or arise out of Plaintiff's employment relationship with Defendant. *Id*. The parties agreed that arbitration would be the exclusive means of resolution of such employment disputes and/or related company claims. *Id.* Plaintiff contends, however, that Defendant has waived its right to insist on arbitration by not asserting the arbitration defense until more than seven months after this lawsuit was filed.

A party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice. *Healthcare Mgmt. Systems, Inc. v. Syntel Ltd.*, 2013 WL 3834043 at * 2 (M.D. Tenn. July 24, 2013) (citing *Johnson Assoc. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012)). Because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred. *Healthcare Mgmt.* at * 2.

As Plaintiff notes, Defendant removed this case from state court, filed an Answer and Amended Answer, participated in the Initial Case Management Conference, and began responding to discovery before asserting the arbitration defense. Despite this delay, however, the Court finds that Defendant's actions are not "completely inconsistent" with reliance upon the arbitration provision and do not overcome the strong presumption in favor of arbitration.

Moreover, Plaintiff has admitted that she suffered no actual prejudice. Therefore, the Court finds that Defendant has not waived the right to arbitrate these disputes. To the extent that Plaintiff's malicious prosecution claim may fall outside the scope of the arbitration provision, in the interest of judicial economy, the Court stays all proceedings on that claim as well.

CONCLUSION

For all these reasons, Defendant's Motion to Compel Arbitration is GRANTED, and this action is STAYED, pending further Order of the Court.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE